**UNITED STATES BANKRUPTCY COURT**

**WESTERN DISTRICT OF MICHIGAN**

_____

| | |
|---|---|
| **MARTECH ENTERPRISE, LLC** | **Case No.  24-01896 jtg** |
| | **Chapter 7** |
| | **Hon. James T. Gregg** |
| **Debtor(s)** | |

---

| | |
|---|---|
| **MARCIA R. MEOLI, Trustee** | **Adv. No.** |
| | **Hearing date: None** |
| **Plaintiff** | |
| **v.** | |
| **PAY PAL, INC. and KAPITUS, LLC,** | |
| **Defendants.** | |

---

### COMPLAINT TO AVOID UNPERFECTED SECURITY INTEREST
### AND FOR RECOVERY OF MONEY
### AND FOR DISALLOWANCE OF CLAIM(S)

Plaintiff, by her attorney, states:

1. Debtor filed a petition for relief under chapter 7 of the bankruptcy code on July 22, 2024 ("Petition Date").

2. Plaintiff is the duly appointed trustee herein.

3. This court has jurisdiction over this proceeding pursuant to 28 USC 157 because this is a core proceeding.

4. Plaintiff consents to the entry of a final order or judgment by this court in this adversary proceeding.

5. This court has venue over this proceeding pursuant to 28 USC 1409 because this is a case arising under or related to the bankruptcy proceeding identified above and exceptions of 28 USC 1409(b) or (d) do not apply.

6. Debtor entered into loans with security agreements with each defendant:

A. PAY PAL, INC, shown by the UCC 1 filed on March 16, 2020, Filing Number 20200316000186-5 showing CHTD COMPANY and documents tracing the security interest therein to SWIFT FINANCIAL, LLC and then to defendant PAY PAL, INC, which acquired SWIFT FINANCIAL, LLC in 2017. See Exhibit "1".

B. KAPITUS, LLC, as shown by the UCC 1 filed on October 21, 2022, Filing Number 2022102100004-2 showing CT CORPORATION SYSTEM, as representative and documents tracing the security interest to defendant KAPITUS. See Exhibit "2".

These shall be known as the "Security Agreements".

7. Plaintiff notes that the Debtor entered into other loans with security agreements with other parties, but plaintiff found those parties and negotiated stipulations to avoid their security interests as needed for the bankruptcy estate. Plaintiff obtained orders for such avoidance. DN 45 TO 48.

8. Pursuant to the Security Agreements, debtor granted a security interests to each defendant in all assets of the debtor. That included titled vehicles (the "Property") (the "Security Interests").

### Count 1
### (Avoid security interest)

9. The Security Interests were not properly perfected in title vehicles of the Debtor as of the date of the commencement of this proceeding. They were not filed with the Michigan Secretary

of State office as required for perfection under applicable law.

10. The Security Interests are therefore avoidable pursuant to 11 USC 544 and Michigan or other applicable law.

**Count 2**
**(Preservation of avoided lien for the estate)**

11. Plaintiff repeats the allegations contained in paragraphs 1 - 10 of this complaint.

12. Any transfer avoided under 11 USC 544 is preserved for the benefit of the estate, with respect to property of the estate. 11 USC 551.

13. Trustee therefore requests an order declaring that liens avoided herein are preserved for the estate and preserved particularly in connection with any sale by the trustee of property of the estate.

WHEREFORE, trustee requests that this court:

A. Find that the Security Interests are avoidable pursuant to 11 USC 544.
B. Declare that the liens avoided herein are preserved for the estate and preserved particularly in connection with any sale by the trustee of property of the estate.
C. Order further relief deemed proper.

Date January 30, 2025         MARCIA R. MEOLI, PLLC
                              Attorneys for plaintiff


                              By: /s/ Marcia R. Meoli
                                    Marcia R. Meoli (P42182)

                              17 West 10th Street, Suite 120
                              Holland, MI 49423
                              616.396.2124